JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
CHARLES MAY

       Plaintiff,        **COMPLAINT**

   - against -          **PLAINTIFF**
                    **DEMANDS A**
                    **TRIAL BY JURY**

SENIOR PAROLE OFFICER JAMES OGLE, and PAROLE
OFFICER MELISSA BROWN,

       Defendants.
-------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, CHARLES MAY, is a 38 year old male, who, at all times relevant to this action, was a resident of Brooklyn, New York.

2. Upon information and belief, SENIOR PAROLE OFFICER JAMES OGLE, was at all relevant times a supervising parole officer employed by the New York State Department of Corrections and Community Supervision. All actions by OGLE complained of herein were taken under color of law. OGLE is being sued in his individual capacity.

3. Upon information and belief, PAROLE OFFICER MELISSA BROWN, was at all relevant times a parole officer employed by the New York State Department of Corrections and Community Supervision, whose duties included the direct parole

supervision of Plaintiff.  All actions by BROWN complained of herein were taken under color of law.  BROWN is being sued in her individual capacity.

4. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6. The instant action is commenced within three years of the date of accrual of all causes of action.

### FACTS GIVING RISE TO THE CLAIMS

7. In January 2016, PLAINTIFF was on parole following his incarceration for a 2005 felony conviction and was under the supervision of the New York State Department of Correction and Community Supervision.

8. At that time, PLAINTIFF was under the direct supervision of BROWN at the Brooklyn I Area Office.

9. On Thursday, January 21, 2016, PLAINTIFF was instructed by BROWN to report the following Thursday to the Brooklyn II Area Office.

10. Upon information and belief, BROWN so instructed PLAINTIFF upon the instruction of OGLE and with knowledge that OGLE was going to place PLAINTIFF under arrest.

11. On Thursday, January 28, 2016, PLAINTIFF reported as instructed to the Brooklyn II Area Office.

12. PLAINTIFF eventually met with OGLE and was placed by him in handcuffs.

13. PLAINTIFF was told only that there was an arrest warrant for him from Monroe County, Pennsylvania arising from an alleged crime that occurred in 2012.

14. PLAINTIFF told OGLE that he had never been to Monroe County and that in 2012 he had been incarcerated in a New York State Department of Correction facility.

15. PLAINTIFF's protests were ignored and he was transported by two unknown parole officers to Rikers Island where he was lodged until his release on February 16, 2016.

16. The basis for the arrest and incarceration was an inquiry from Pennsylvania State Trooper Thomas to OGLE as to whether PLAINTIFF was the same Charles May as the person wanted on an arrest warrant in Monroe County.

17. Trooper Thomas made clear to OGLE that this was only an inquiry as he was not sure if PLAINTIFF was the same person named on the warrant.

18. Trooper Thomas made clear to OGLE that only if it was confirmed that PLAINTIFF was the wanted person, he should be taken into custody and held for extradition.

19. As indicated on the paperwork sent to OGLE by Trooper Thomas, the arrest warrant was based on an incident that occurred in Pennsylvania in August 2012.

20. As OGLE and BROWN knew or should have known, based on their own records and documentation, PLAINTIFF was incarcerated in New York at that time, specifically, at the Otisville Correctional Facility.

21. On February 4, 2016, having received and confirmed information that PLAINTIFF had been incarcerated at the time of the underlying offense, Trooper

Thomas contacted OGLE and informed him that he had arrested the wrong person.

22.	On February 10, 2016, when Trooper Thomas learned that no action had been taken to release PLAINTIFF, he sent a fax to OGLE requesting PLAINTIFF's release.

23.	On February 16, 2016, Trooper Thomas sent another letter to OGLE again explaining that he had taken the wrong person into custody and asking for PLAINTIFF's release.

24.	Upon information and belief, on February 16, 2016, as a result of the efforts by Trooper Thomas, PLAINTIFF was finally released upon the order of OGLE or BROWN.

25.	During the time that PLAINTIFF was incarcerated, he was never produced in court.

26.	Upon information and belief, no extradition warrant was ever lodged against PLAINTIFF.

27.	During the time that PLAINTIFF was incarcerated, he was never notified of a preliminary hearing on any parole violation, as required by New York law.

28.	During the time that PLAINTIFF was incarcerated, he was never produced for an administrative hearing on any parole violation, as required by New York law.

29.	Upon information and belief, no specifications or charges for any parole violations were ever proffered against PLAINTIFF.

30.	Upon information and belief, the failure to lodge an arrest warrant or file specifications or charges for a parole violation was an intentional act taken by OGLE and BROWN to cover-up the fact that PLAINTIFF had been arrested without probable

cause or a reasonable belief that he was the person named on the Pennsylvania warrant.

31. Because of the false arrest, PLAINTIFF was in custody for 20 days.

**FIRST CLAIM**
(False Arrest - §1983)

32. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 31 of the Complaint as if incorporated and reiterated herein.

33. By arresting PLAINTIFF without legal authority, Defendants OGLE and BROWN, individually and acting together, violated PLAINTIFF's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

34. By reason thereof, Defendants OGLE and BROWN violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**SECOND CLAIM**
(Due Process - §1983)

35. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 34 of the Complaint as if incorporated and reiterated herein.

36. By failing to file an extradition warrant, Defendants OGLE and BROWN

intentionally engaged in arbitrary and capricious acts in violation of PLAINTIFF's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

37. Specifically, this conduct prevented PLAINTIFF from being produced in court where he would have been provided an attorney and been given the opportunity to challenge the unlawful arrest.

38. By reason thereof, Defendants OGLE and BROWN violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## THIRD CLAIM
(Due Process - §1983)

39. Pursuant to Rule 10(c), PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 38 of the Complaint as if incorporated and reiterated herein.

40. By failing to file specifications and charges for any parole violation, Defendants OGLE and BROWN intentionally engaged in arbitrary and capricious acts in violation of PLAINTIFF's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

41. Specifically, this conduct prevented PLAINTIFF from being produced at an administrative hearing where he would have been provided an attorney and been given the opportunity to challenge the unlawful arrest.

42. By reason thereof, Defendants OGLE and BROWN violated 42 U.S.C. §1983 and caused PLAINTIFF to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the PLAINTIFF demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

v) Such other relief as the Court deems just and proper.

Dated: New York, New York
April 19, 2016

Goldberg & Allen, LLP
Attorneys for PLAINTIFF

By: _____
Jay K. Goldberg [JG-1294]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366